# Neeld's Appeal.

1. In partition, there being an executor the court appointed a stranger, trustee to make sale of the premises. It being within the discretion of the court to determine whether the executor had neglected or refused to execute the order of sale, it was to be presumed that he had, notwithstanding his subsequent allegation that he had not.

2. The Supreme Court will not review the exercise of such discretion unless it appear on the face of the record that there was a palpable and gross abuse of the discretion.

3. A widow refused to take under her husband's will, and in 1867 petitioned for proceedings in partition to set out her dower; an inquest was awarded, but the proceedings were stayed on the application of the executor, so that he might sell for the payment of debts. Orders were granted to him for that purpose, but he failed to sell. In 1870, the widow presented a petition reciting all the former proceedings, and praying the court to revoke the stay of the proceedings in partition, &c. *Held*, that the Act of April 20th 1869 gave the court jurisdiction to proceed, notwithstanding there was no assent of the parties interested; her petition of 1870 being treated as a new petition.

November 6th 1871. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Appeal from the decree of the Orphans' Count of *Allegheny county*: No. 73, to October and November Term 1871.

In the partition of the real estate of James S. Neeld, deceased.

On the 28th of September 1867, Sarah Jane Lyda, wife of Francis Lyda, but theretofore the widow of James S. Neeld, petitioned the Orphans' Court, representing that Neeld had died in May 1864, seised in fee of a tract of about 70 acres of land in Allegheny county, and leaving a will disposing of his real estate; leaving three children, John, Eli and Blanche, all minors; by his will he appointed his own father, Eli Neeld, guardian of his children, and George Neeld executor of his will. She averred that she had never received anything under the will, nor elected to take under it, but "has refused and does refuse to take under said will, and claims her dower in said estate, as the widow of said James S. Neeld; under the common law and the Acts of Assembly of this Commonwealth, granting her this right." And thereupon prayed the "court to award an inquest of partition, so that your petitioner may have her dower in the said described real estate set apart to her, and secured to her in the manner authorized and prescribed by the statutes of this Commonwealth."

20 P. F. Smith—8

[Neeld's Appeal.]

An inquest was accordingly awarded on the same day.

On the 9th of November 1867, George Neeld, the executor, presented a petition to the court, setting out, that he had settled a final administration account, which had been confirmed on the 2d of October 1865, and on which there appeared to be no balance due to or from the executor; that testator died seised of the real estate above mentioned, on which there was due of the purchase money about the sum of $3000, and praying for an order for the sale of the real estate for the payment of debts.

The order was granted on the same day.

On the 19th of November, on the application of the executor, the court granted a rule "on petitioner in partition to show cause why the proceedings in partition for dower should not be dismissed, and in the mean time proceedings in partition be stayed until final disposition of proceedings for sale of said real estate."

On the 20th of March 1869, the executor returned that the real estate had been exposed to public sale on the 9th of January 1868, and had been struck down to Sarah J. Lyda (the widow), but she having failed to comply with the conditions of sale, he returned the land unsold for want of buyers, and asked for an alias order of sale, which was awarded. To this order he made return on the 4th of December 1869, that he had exposed the premises to sale on the 3d of June, and that they remained unsold for want of buyers.

On the 8th of January 1870, on the petition and affidavit of Mrs. Lyda, the court revoked their order of November 19th 1869, staying the proceedings in partition, and the sheriff was directed to proceed with the inquisition.

On the 12th of February 1870, Mrs. Lyda presented a petition to the Orphans' Court, setting out: That on the 28th day of September 1867, she "presented her petition to your honorable court, setting forth that she was the widow of said James S. Neeld, and as such entitled to her dower interest in the real estate of the said James S. Neeld. * * * That the real estate consisted of about 96 acres of land in St. Clair township, of said county, that she had refused to take under will, and praying the court to award an inquest of partition, &c. That shortly after the presentation of said petition, on the application of the executor of said James S. Neeld, an order was issued by your honorable court for the sale of said real estate, and the proceedings in said partition stayed.

"Nothing further has been done in said partition, except the revocation of the order staying proceedings, and the executor has returned the property unsold, on the order of sale issued, and does not ask for its renewal.

"Your petitioner claims her one-third interest in the said real

estate, the same as if the said James S. Neeld had died intestate, under the Act of Assembly, giving her this right.

"And now she prays your honorable court to award an inquest of partition, to set apart to your petitioner the one-third of the said real estate to her during life, if that can be done without prejudice to or spoiling the whole, and if not then that the jury value and appraise the same, and make return thereof as the law directs, and she will ever pray," &c.

This petition was endorsed :—

"Estate of James S. Neeld.  Supplemental petition of widow for partition."

On the same day : "Inquest of partition awarded as prayed for."

The inquest returned that the land could not be parted, &c., and that they had valued it at $250 per acre.

The inquisition was confirmed *nisi* May 14th 1870.

On the 11th of June 1870, after a rule upon heirs, and none appearing to accept or refuse, the court ordered a sale, and on the 25th, on the application of Mrs. Lyda, appointed C. Hasbrouck, Esq., trustee to make the sale on the 17th of August, upon conditions stated in the order.

On the 13th of August 1870, George Neeld, the executor, presented a petition setting out :—

"That at the date of making of the order by your honorable court, in above case, authorizing the sale of the real estate, belonging to the estate of the said decedent, and appointing a trustee to make such sale ; your petitioner was and still is acting executor of said decedent, and that as such he has never neglected or refused to execute the order of this court, directing the sale of said real estate, but on the contrary has heretofore endeavored to make sale of the same, by the direction of this court, for the payment of the debts of said decedent, and stands ready now to execute the order of said court, directing the sale as aforesaid ;" and prayed the court "to rescind the said order of sale, so far as respects the appointment of C. Hasbrouck, as trustee, to make the said sale, and to order and direct that your petitioner, as executor of said decedent, execute said order of sale."

On the 31st of August the trustee "returned property sold to J. W. F. White for $20,364.75, being at the rate of $210 per acre for 96 acres 156 perches."  On the same day the sale was confirmed *nisi*.

On the 14th of January 1871 the executor and guardian filed exceptions to the sale, and all the proceedings in partition.

The exceptions were as follows :—

1. There is a guardian of the minor children of said decedent, legally appointed, who is still acting as such guardian, but who has never refused to sell the real estate of said decedent upon a fair price being offered for it.

2. There is an executor of the estate of said decedent who, has never been removed or discharged, but who has always been ready and willing to sell the real estate of said decedent whenever a fair marketable price can be obtained for it.

3. There being both an executor of the estate and a guardian of the minor children still acting in their respective offices, there cannot be a trustee legally appointed to sell the real estate.

4. The court had no jurisdiction in the appointment of a trustee as long as there was an executor and guardian still in office, and who had not refused to sell the real estate on a fair price being offered for the same.

5. The attorney for the widow forced the property to a sale, after a notice had been read warning persons not to bid on the same, as the sale would be contested, and purchased the property himself at a price far below its fair marketable value, and when, by reason of the above-mentioned notice being read, he had no competition.

6. Mr. White purchased the land for $40 per acre less than he would consent that the executor should sell the same at, or an effort made by the executor to sell, a few months prior to this sale.

7. The Orphans' Court has no jurisdiction in the premises.

The court overruled all the exceptions, and confirmed the sale absolutely.

The executor and guardian appealed to the Supreme Court, and assigned seven errors, being respectively the overruling of the several exceptions filed in the Orphans' Court.

The Act of April 20th 1869 (relating to dower), Pamph. L. 77, 1 Brightly's Purd. 530, pl. 10, &c., is as follows:—

Sect. 1. That in case any person has died, or shall hereafter die, leaving a widow and last will and testament, and such widow shall elect not to take under the will, in lieu of dower at the common law as heretofore, she shall be entitled to such interest in the real estate of her deceased husband as the widows of decedents dying intestate are entitled to under existing laws of this Commonwealth.

Sect. 2. The Orphans' Courts of the several counties of this Commonwealth, in which the real estate of such decedent is situated, shall have power, on application of the widow or any one interested, to award an inquest to make partition of the same, and to decree the allotments thereof made, or in case of refusal to accept, to order a sale thereof, and secure the interest of the widow and all others interested, in the same manner and with like force and effect as is now provided by law in the partition of the real estate of persons dying intestate.

Sect. 3. That if any decedent who shall have died prior to the passage of this act shall leave a widow and issue, and a last will

and testament, and the widow of such decedent shall refuse, or shall have refused, to take under the said will, such widow, upon filing her petition for partition in the Orphans' Court of the proper county, or upon filing her written assent to such petition when proceedings are commenced by any other interested party, shall be entitled to the provisions of this act, and the said court shall have jurisdiction to make such partition : Provided, That whenever proceedings in partition have been commenced, and are now pending in any Orphans' Court of this Commonwealth, in cases of testacy, wherein the widow has refused to accept under the last will and testament of her deceased husband, such court shall have jurisdiction in the premises, and may proceed therein under the provisions of this act upon the parties interested filing their written assent, and in case any of the parties are minors, then such written assent shall be by the guardian or guardians of such minor or minors.

*C. S. Fetterman*, for the appellants.—On the first four specifications he cited Acts of March 29th 1832, § 42, Pamph. L. 203, February 24th 1854, § 44, Pamph L. 81, 1 Brightly's Purd. 440, pl. 170, 171.

The jurisdiction in the assignment of widow's dower, is exclusively in the common-law courts : Bradfords *v.* Kents, 7 Wright 474; Shaffer *v.* Shaffer, 14 Id. 394; Hinnershits *v.* Bernhard, 1 Harris 518; Paul *v.* Paul, 12 Casey 270. Proceedings in dower in the Orphans' Court instituted before the Act of 1869 (*supra*), require the assent in writing of all parties in interest.

*J. W. F. White*, for appellee.—As to jurisdiction referred to Act of 1869, *supra :* Act of March 29th 1832, § 36, Pamph. L. 201; April 13th 1840, §4, Pamph. L. 320, 1 Brightly's Purd. 433, pl. 136, 138; April 8th 1833, § 11, Pamph. L. 249; April 11th 1848, § 11, Pamph. L. 537, 2 Brightly's Purd. 1476, pl. 12, 13.

The opinion of the court was delivered, November 13th 1871, by SHARSWOOD, J.—The first six specifications of error relate to matters of fact in regard to which much must necessarily be intrusted to the sound discretion of the court below. Whether the executor or administrator of the estate of a decedent has neglected or refused to execute the order of sale in partition, so as to authorize the court, under the 44th section of the Act of February 24th 1834 (Pamph. L. 81), to appoint some suitable person as trustee for the purpose of making such sale, evidently falls within this category. It is to be presumed that he has refused, and his subsequent allegation to the contrary will not avail. *Omnia præsumuntur rite esse acta* is a maxim which properly applies. This court ought not to reverse on such a ground, unless it manifestly

appears on the face of the record that there was a palpable and gross abuse of the discretion of the court, which is not the case on this record.   The same remarks apply to the exceptions which have been made to the manner in which the sale was conducted, and the price obtained for the property.

The only question which remains is that which arises on the seventh assignment of error, namely, as to the jurisdiction of the Orphans' Court to entertain the petition of the widow praying for the award of an inquest of partition to set apart to her one-third of the real estate of the decedent during her life, if that can be done without prejudice to or spoiling the whole; and if not, that the said real estate may be valued and appraised as the law directs. It is undoubtedly true, that before the passage of the Act of Assembly of April 20th 1869 (Pamph. L. 77), the Orphans' Court did not possess that jurisdiction.   In the case of a will, where the widow elected to take her dower at common law, her remedy was exclusively in the Court of Common Pleas: Bradfords *v.* Kents, 7 Wright 474; Shaffer *v.* Shaffer, 14 Id. 394.  The Act of 1869, however, gave jurisdiction to the Orphans' Court in such case " on the application of the widow or any one interested " to award an inquest to make partition, and to decree the allotments made, or, in case of refusal to accept, to order a sale, and secure the interest of the widow and all others interested in the same manner and with like force and effect as is now provided by law in the partition of the real estate of persons dying intestate." The petition of the widow, filed September 28th 1867, and the inquest awarded thereon—upon which, however, no further proceedings were had, as the writ was returned " stayed "—were, therefore, *coram non judice,* and, according to the established doctrine upon that subject, to be regarded as mere nullities.   It is true that the 3d section of the Act of 1869 confers jurisdiction in such a proceeding pending before the passage of that act, upon the parties interested filing their written assent thereto.   But where no such assent is filed it is clear that there is no jurisdiction.   There was certainly nothing, then, as is indeed conceded, to prevent the widow from presenting a new petition on the 12th of February 1870, under the Act of 1869, nor can it affect the regularity of the proceedings, much less the jurisdiction of the court, that she endorses it as a " supplemental petition," and recites in it the former petition, and the order of the court thereon.   Names are nothing provided the substance be maintained.   The former petition was a paper on file, which she might well incorporate by reference as a part of the new petition.   It is enough that the order of the court awarding the inquest was made at a time when they possessed full jurisdiction over the subject-matter.

Decree affirmed and appeal dismissed at the costs of the appellant.